✎ AO 472  (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of      Delaware

UNITED STATES OF AMERICA

V.

Eric Lamont Davis
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 05-78m-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed  that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
    X for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC sec. 841  .
    ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  X  a preponderance of the evidence . Defendant was arrested by DRBA police on April 20, 2005. He and a co-defendant (Pettaway) were charged with the same offenses. Davis signed a waiver of Miranda rights and essentially admitted to the offense. Heroin was found in the vehicle owned & operated by Davis. Case law supports that a police officer has probable cause to arrest where drugs are present. Although Davis was the admitted driver and chose to remain ignorant of the purpose of the trip, he clearly was aware that he and his vehcile was being used for distribution of some illegal substance in this case heroin. The affidavits sworn to by the testifying agent in support of the complaint and re-affirmed during the preliminary and detention hearing strongly supports the charges and was not rebutted via cross examination or other evidence by the defense. Defendant admitted to being a daily user of marijuana. Although he is working in his own business and earns a decent living, he is also in business with his co-defendant in an entertainment company. He has a prior conviction for possession with intent to distribute cocaine in Newport News, VA and lives in that state. There was no other reasonable explanation as to why he was in DE at the time of his arrest except to assist his friend and partner in transporting heroin to another jurisdiction. He has family stability in VA and owns property in that jurisdiction. Based on the above, defendant is a risk to the community.

FILED

MAY 10 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____

_____
_____
_____
_____

**Part III—Directions Regarding Detention**

    The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 10, 2005 | _____ |
| :---: | :---: |
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).